**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

MARK TURNER,

    Defendant-Appellant.

No. 09-4032
(D.C. No. 2:06-CR-00713-DAK-1)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **EBEL** and **O'BRIEN**, Circuit Judges.

---

This is a direct criminal appeal of a sentence imposed after entry of a guilty plea.

Defendant-Appellant Mark Turner pled guilty to two counts of interstate transmission of

information about a minor with the intent to entice the minor to engage in illegal sexual

activity, in violation of 18 U.S.C. § 2425.  The advisory sentencing guidelines range for

Turner was 51 to 63 months' imprisonment.  The district court sentenced him to 60

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App.
P. 32.1 and 10th Cir. R. 32.1.

months' imprisonment on each count, with 24 months' imprisonment on Count II to run consecutive to the sentence on Count I and 36 months' imprisonment on Count II to run concurrently with the sentence on Count I, which yielded a total imprisonment of 84 months. On appeal, Turner argues the district court imposed a procedurally and substantively unreasonable sentence. We disagree and AFFIRM.

## STANDARD OF REVIEW

Normally, we review the procedural and substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1214 (10th Cir. 2008). As Turner failed to raise these issues before the district court, however, we instead review for plain error here. United States v. Burgess, 576 F.3d 1078, 1096 (10th Cir. 2009) (citing Fed. R. Crim. P. 52(b)). To notice plain error under Rule 52(b), the appellant must show (1) an actual error, (2) that was plain, (3) that affected the appellant's substantial rights, and (4) that "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. at 1096-97 (quotations, citations, alterations omitted).

### A. Procedural Reasonableness

The procedural reasonableness of a sentence turns on the method used by the district court to determine the appropriate sentence length. The district court must calculate the appropriate advisory sentencing guidelines range, give "both parties an opportunity to argue for whatever sentence they deem appropriate," and then properly consider the factors under 18 U.S.C. § 3553(a) to determine what sentence they support.

2

See Gall v. United States, 552 U.S. 38, 49-50 (2007); United States v. Smart, 518 F.3d 800, 803 (10th Cir. 2008).  Once a district court determines the appropriate sentence, within or outside the advisory guidelines range, the district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."  Gall, 552 U.S. at 49-50; Smart, 518 F.3d at 803.

The district court imposed a procedurally reasonable sentence.  Contrary to Turner's assertion, the record indicates that the district court was aware that it was imposing a sentence outside the advisory guidelines range.  The district court even made clear that Turner could appeal the sentence because the appeals waiver in his plea agreement covered only sentences within the advisory guidelines range.  Further, the district court had authority to impose these sentences to run consecutively under 18 U.S.C. § 3584(a)-(b).  Although Turner claims the district court erroneously relied on an unreliable psychosexual evaluation, the district court recognized the limitations of this evaluation.  Moreover, the district court provided Turner ample opportunity to raise his arguments and thoughtfully engaged with the arguments.  Finally, the district court examined the factors under 18 U.S.C. § 3553(a),  adopted the findings in the presentence investigation report, and provided an adequate explanation for why it imposed the sentence of 84 months' imprisonment:

> [D]espite what might be a weakness or two in the psycho-sexual evaluation, it still indicates high risk, and that is a factor in my sentence.  I am concerned about the nature and the length of the chats and coming to meet at least one and perhaps others.  And the chat sounds serious.  And this is

behavior that goes beyond just looking at stuff at home.

Thus, there was no procedural error, plain or otherwise.

## B. Substantive Reasonableness

Substantive reasonableness turns on "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." Alapizco-Valenzuela, 546 F.3d at 1215.

The district court's sentence was substantively reasonable. Although the district court imposed a sentence that will result in 21 months' imprisonment beyond the guidelines range, it adequately explained the reasons for that above-guidelines sentence: the offenses were serious, Turner posed a high risk of danger to others, and the nature and duration of Turner's chats with the minor were particularly worrisome. The district court did not err in relying on the psychosexual evaluation's conclusions that Turner systematically and predatorily targeted teenage girls. Given these explanations, the district court did not plainly err.

## CONCLUSION

We find no plain error in the sentence imposed and AFFIRM.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

4